UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Rebecca Crutcher**,<br><br>       Plaintiff,<br><br>v.<br><br>**Tennessee Closet Company, LLC,** d/b/a Archadeck of Nashville; and **Edward Adam Floyd**,<br><br>       Defendants. | No.<br><br>**COMPLAINT**<br><br>JURY DEMAND |

Now comes Plaintiff, Rebecca Crutcher, ("Plaintiff"), by and through counsel and hereby states the following as her Complaint against Defendants, Tennessee Closet Company, LLC (hereafter "Closet Company"); and Edward Adam Floyd (hereafter "Floyd") (collectively "Defendants"):

**PRELIMINARY STATEMENT**

1. This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA").

2. Plaintiff brings this action to recover the unpaid minimum wage and overtime wages owed to her as a result of Defendants' misclassification of Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA.

3. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of no less than $7.25 per hour and an overtime wage premium of pay one and

-1-
Case 3:22-cv-00761   Document 1   Filed 09/28/22   Page 1 of 9 PageID #: 1

one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the Middle District of Tennessee, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Williamson County, Tennessee, and is a former employee of Defendants.

8. At all material times, Plaintiff was a full-time employee of Defendants who worked as a Design Consultant from approximately April 12, 2021 through approximately April 1, 2022.

9. At all material times, Plaintiff was employed by Defendants and paid as an exempt employee.

10. At all relevant times, Defendants employed to perform various non-exempt duties, including, but not limited to, selling closet design and construction services, and performing customer service functions for Defendants' clients.

11. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

12. At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a) and (b).

13. The Closet Company is a Tennessee Limited Liability Company and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

14. Under the FLSA, the Closet Company is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, the Closet Company had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with the Closet Company. Having acted in the interest of the Closet Company in relation to its employees, including Plaintiff, the Closet Company is subject to liability under the FLSA.

15. Under the FLSA, Defendant Adam Floyd is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Floyd is the owner of the Closet Company. At all relevant times, Floyd had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with the Closet Company. As a person who acted in the interest of the Closet Company in relation to the Closet Company's employees, including Plaintiff, Floyd is subject to individual liability under the FLSA.

16. Defendants are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Plaintiff in her work for Defendants, was engaged in commerce or the production of goods for commerce.

21. At all relevant times, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. Defendants own and/or operate as the Closet Company, an enterprise located in Nashville, Tennessee.

24. The Closet Company is in the business of designing and building closets and organizational systems for its customers in the greater Nashville area.

25. On or around April, 2021, Plaintiff began employment with Defendants, performing primarily non-exempt tasks, such as selling closet design and construction projects and performing customer service duties for new and existing clients of Defendants.

26. At all relevant times, Plaintiff worked between at least sixty (60) hours in any given workweek in her employment for Defendants.

27. Defendants never kept any record of the number of hours that Plaintiff was working for Defendants in any given workweek.

28. Defendants did not pay Plaintiff on a "salary-basis" of at least $684 per week.

29. Instead, Defendants paid Plaintiff primarily on a commissions-basis.

30. However, Defendants never ensured that Plaintiff was earning at least minimum wage for all hours worked.

31. Nor did Defendants ensure that Plaintiff's regular rate of pay exceeded one-and-one-half times minimum wage for every hour worked in a workweek in which Plaintiff worked overtime hours.

32. In fact, Defendants never paid Plaintiff an overtime premium at any point throughout her employment.

33. For example, during the workweek of April 12, 2021 through April 18, 2021, Plaintiff worked no less than sixty (60) hours for Defendants and she received no compensation whatsoever for such work.

34. For further example, during the workweeks of April 19, 2021 through May 7, 2021, Plaintiff worked no less than 120 hours for Defendants and she was compensated only $229.00 for such work. In other words, Plaintiff was compensated no more than $1.91 per hour during that pay period.

35. There are multiple other instances in which Plaintiff was not paid at least the minimum wage and was not paid in excess of one-and-one-half times minimum wage for every hour worked in a workweek in which Plaintiff worked overtime hours.

36. At all relevant times, Defendants have required Plaintiff to be constantly available by phone and email and immediately responsive to customers' and potential customers' needs, as well as in touch with each other to monitor ever-changing customer needs.

37. At all relevant times, Defendants required Plaintiff to work continuously throughout the day, communicating with potential and current customers by phone, text, and email, selling Defendants' services.

38. In her work for Defendants, Plaintiff was not an outside sales employee.

39. In her work for Defendants, Plaintiff was not employed by an establishment that qualifies as a bona fide "retail or service establishment."

40. In her work for Defendants, Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

41. In her work for Defendants, Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

42. In her work for Defendants, Plaintiff did not have the authority to hire or fire other employees, nor were her suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

43. In her work for Defendants, Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendants' business.

44. In her work for Defendants, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

45. As a result of Defendants' failure to compensate Plaintiff the applicable minimum and overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. §§ 206 and 207.

**COUNT ONE: FAIR LABOR STANDARDS ACT
UNPAID OVERTIME**

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants misclassified Plaintiff as "exempt" from overtime under the FLSA.

48. Defendants operated pursuant to their policy and practice of not paying Plaintiff one and one-half times her regular rate of pay for all time spent working in excess of 40 hours per workweek.

49. While employed by Defendants, Plaintiff worked tens of hours of overtime per week each and every workweek for which she worked for Defendants, and Defendants did not pay to Plaintiff one-and-one-half times her regular rate of pay for such time.

50. As a result, Defendants have failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

51. Plaintiff believes and therefore avers that Defendants owe her unpaid overtime wages for each and every pay period for the duration of their employment.

52. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

53. As a result of Defendants' failure or refusal to pay Plaintiff a wage equal to one and one half times her regular rate of pay for work she performed for Defendants in excess of a regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times her regular rate of pay, to be proven at trial,

plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## UNPAID MINIMUM WAGE

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants misclassified Plaintiff as "exempt" from minimum wage under the FLSA.

56. Defendants operated pursuant to their policy and practice of not paying Plaintiff at least $7.25 per hour for all hours worked in a given workweek.

57. As a result, Defendants have failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

58. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

59. As a result of Defendants' failure or refusal to pay Plaintiff a wage equal to $7.25 per hour for all hours worked in a given workweek, Defendants violated 29 U.S.C. § 206. Plaintiff is therefore entitled to compensation for all unpaid minimum wages, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Rebecca Crutcher, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206 and 207, by failing to pay proper minimum and overtime wages;

B. For the Court to award damages in the amounts of all unpaid minimum and overtime wages due and owing to Plaintiff;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint; and

F. Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of September 2022.

s/ *Anne Bennett Hunter*
Anne Bennett Hunter, TN BPR# 022407
Hunter Law Firm
101 Creekside Crossing, Suite 1700-307
Brentwood, TN 37027
Phone: (615) 592-2977
Email: anne@hunteremploymentlaw.com

s/ *James L. Simon*
James L. Simon (*pro hac vice forthcoming*)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Phone: (216) 816-8696
Email: james@simonsaypay.com